UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | | |
|---|---|---|
| **L. LEE WHITNUM** | : | 2018 DEC -6 P 12: 48 |
| v. | : | US DISTRICT COURT BRIDGEPORT CT |
| **Office of the Chief State's Attorney, and Kevin Kane, personally and in his official capacity as employee of the defendant.** | : : : | 3:18 cv 1991 (JCH) December 6, 2018 |

## COMPLAINT
### (Jury Trial Demanded)

1. Plaintiff is an individual and resident of Greenwich, Connecticut

2. Defendants are Office of the Chief States Attorney, Kevin Kane all are domiciled in New Haven County, Connecticut

3. Kane is a law enforcement officials employed by the defendant the Office of the Chief States Attorney of the State of Connecticut.

4. Plaintiff Lisa Lee Whitnum Baker a.k.a Lee Whitnum brings forth the following causes of action and alleges that the defendants have engaged in an unlawful activity as this plaintiff was arrested repeatedly from October 2013 to August 2015 for violations that this plaintiff could argue were not crimes, or orchestrated by the Statewide Prosecutor's office but the required prosecutor would not allow them to be heard.

5. Kevin Kane was sent a detailed Motion that had been filed in the criminal court to call off John Whalen whom this plaintiff had claimed orchestrated the crime. The defendant received that detailed motion complete with evidence of alleged criminal wrong-doing of their prosecutor John Whalen.

6. Kane refused to act by pulling off John Whalen from the cases having to do with this litigant. Whalen remained on the case another two months which forced this litigant to take a plea deal rather than have her motions to dismiss heard.

7. That Acer ated Rehabilitation deal cost this litigant in total of three years of lost salary as she could not work as teacher with pending criminal charges and pending AR.

**FACTUAL ALLEGATIONS**

8. Once in receipt of the detailed Motion submitted and the attached received dated December 6, 2015, at the Norwalk Criminal court and sent to Kevin and a note to call Whalen of the case, Kevin Kane should have pulled Whalen off immediately but failed to do so.

9. The arraignment for the contrived charges was purposefully inappropriate this litigant believes intentionally to keep her in the dark regarding the criminal orchestration. The repeated emails to Kane ignored as also further proof that he was in full knowledge of what was going on in Norwalk Courthouse.

10. This litigant had a right not to be criminal framed by John Whalen and the statewide prosecutor office, once appraised; Kevin Kane should have pulled Whalen off immediately. The fact he did not is proof of collusion and knowledge.

**CAUSES OF ACTION**

9. CONSPIRACY (to all defendants – 1 counts). Paragraphs 1-16 are hereby adopted as paragraphs 1-15 of this Cause of Action as if fully repeated.

10. § 1983 VIOLATION (to all defendants – 2 counts). Paragraphs 1-15 are hereby adopted as paragraphs 1-15 of this Cause of Action as if fully repeated.

In order

> "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that

o2

the alleged deprivation was committed by a person acting under color of state law." (Internal quotation marks omitted.) *Tuchman* v. *State,* 89 Conn. App. 745, 762, 878 A.2d 384, cert. denied, 275 Conn. 920, 883 A.2d 1253 (2005).

11.   Violation of the Constitution right to Due Process and speedy trial ~~Specifically the Due Process Clause~~ of and Sixth amendment the FIFTH and FOURTHEEN AMENDMENT of the United States Constitution (to all defendants – 2 counts). Paragraphs 1-15 are hereby adopted as paragraphs 1-15 of this Cause of Action as if fully repeated.

12.   NEGLIGENCE (to all defendants – 1 counts). Paragraphs 1-15 are hereby adopted as paragraphs 1- of this Cause of Action as if fully repeated.

13.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (to all defendants – 1 counts). Paragraphs 1-15 are hereby adopted as paragraphs 1-15 of this Cause of Action as if fully repeated.

14.   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (to all defendants – 2 counts). Paragraphs 1-47 are hereby adopted as paragraphs 1-15 of this Cause of Action as if fully repeated.

15.   As direct and proximate result of said conduct of Defendants, the Plaintiff has suffered. The acts of the Defendants either were willful, wanton, deliberate, malicious, oppressive, aggressive or negligent. Their actions caused this plaintiff economic and personal harm, and therefore justify the awarding of substantial damages.

**CLAIM FOR RELIEF (damages):**

16.   Attorney's Fees (if any) and reimbursement of the $1,000 bail bondsman fee. 49.

RELIEF REQUESTED: Plaintiff seeks judgment against Defendants

a. Special damages exceeding $15,000.

b. General damages exceeding $15,000.

c. Lost salary for the forced AR deal for Kane's refusal to act.

d. Any other damages the deals appropriate.

Sincerely,

*[signature]*

L. Lee Whitnum Baker

123 PO Box 7482
Greenwich, CT 06836